UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CISNEROS,<br><br>        Petitioner,<br><br>   v.<br><br>G. GARCIA,<br><br>        Respondent. | No. 2:20-cv-1750 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges a conviction issued by the Madera County Superior Court. However, upon further review of the petition, it appears that petitioner seeks release from custody based on the COVID-19 pandemic. For the reasons set forth below, the court will recommend that this action be dismissed.

**SCREENING**

**I.     Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

////

1

## II. The Petition

Petitioner alleges that living conditions at Mule Creek State Prison are making it difficult to maintain social distance from other inmates in violation of his rights under the Eighth and Fourteenth Amendments. (ECF No. 1 at 5, 7.) He further alleges that as a sixty-eight-year-old with underlying health conditions he is at risk of serious harm. (Id. at 6.)

## III. Petitioner's Allegations are not Cognizable in a Federal Habeas Action

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, [pursuant to] 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

Although petitioner seeks release, the allegations presented in the petition relate to the conditions of his confinement rather than the validity or duration of his sentence or conviction. "Habeas is not available for review of the conditions of confinement," therefore, petitioner's claims are more properly brought in a § 1983 action. See Johnson v. Jared, No. 2:20-cv—934 ACP, 2020 WL 4507439 at *1 (E.D. Cal. May 18, 2020) (dismissing habeas petition alleging petitioner should be released due to COVID-19 because the claims alleged were more appropriately brought in a § 1983 action); Bowman v. California, EDCV 19-0184 RGK (RAO), 2019 WL 4740538 at *3 (C.D. Cal. June 26, 2019) (finding exclusive vehicle for claims related to adequacy of medical care is a § 1983 claim even though petitioner sought release from custody).

Because petitioner's claims are more properly brought in a § 1983 action, the court will recommend that the petition be dismissed.

## IV. Petitioner's Claim Should not be Converted to a Section 1983 Case

In an appropriate case, a district court can convert a habeas petition into a civil rights complaint. Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc). However, the court declines to consider conversion of this action because there are several significant differences in a proceeding in habeas corpus compared to a civil rights action. For instance, the

filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Moreover, the petition does not state specific allegations against the respondent or any other individual. Thus, it is not clear who petitioner would seek to hold responsible for the alleged rights violations. Accordingly, the court recommends that the district court decline to convert this action into a civil rights action.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is ORDERED to assign this action to a District Judge.

IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 7, 2020

DB:12
DB:1/Orders/Prisoner/Habeas/cisn1750.dism

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE